09 CV 7251

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
METROPOLITAN ARCHITECTURAL
WOODWORK, LLC

                              Plaintiff,                  No. _____

                    -against-

THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS
ANNUITY FUND, NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS APPRENTICESHIP,
JOURNEYMAN RETRAINING, EDUCATIONAL
AND INDUSTRY FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA FUND
AND THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR MANAGEMENT
COOPERATION FUND, by MICHAEL J. FORDE,
and KEVIN O'CALLAGHAN, as TRUSTEES, and
MICHAEL J. FORDE as EXECUTIVE SECRETARY-
TREASURER, DISTRICT COUNCIL FOR THE NEW
YORK CITY AND VICINITY UNITED
BROTHERHOOD OF CARPENTERS AND JOINERS
OF AMERICA

                              Defendants.
------------------------------------- x

## COMPLAINT

Plaintiff, Metropolitan Architectural Woodwork, LLC ("Metropolitan"), by and through its undersigned counsel, brings this action against Defendants to vacate and set

aside the decision of the Arbitrator. In support thereof, Metropolitan hereby alleges as follows:

## Nature of Action, Jurisdiction, and Venue

1. Plaintiff Metropolitan brings this action to vacate an Award issued by Arbitrator Roger E. Maher ("Arbitrator") on May 23, 2009.

2. Jurisdiction of this action is conferred upon this Court pursuant to the provisions of Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, and Sections 9 and 10 of the Federal Arbitration Act, 9 U.S.C. §§ 9 and 10. Additionally, diversity jurisdiction exists under 28 U.S.C. § 1332. The Court has personal jurisdiction over Defendants pursuant to Sections 301 and 302 of New York Civil Practice Law and Rules, N.Y.C.P.L.R. §§ 301 and 302, in that each Defendant is either domiciled in, or regularly transact business within, the State of New York.

3. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b), as the Defendants have offices located in this district.

## The Parties

4. Plaintiff Metropolitan is a corporation incorporated under the laws of the State of New Jersey with its principal place of business at 601 Lehigh Avenue, Union, New Jersey 07083. Metropolitan is an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA.

5. Upon information and belief, Defendant New York City District Council of Carpenters Pension Fund is an employee benefits plan located at 395 Hudson Street, New York, NY 10014 that is a jointly administered, multi-employer benefits fund administered, established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and is maintained for the purposes of providing pension and other benefits to eligible participants and beneficiaries on whose behalf it receives contributions from numerous employers pursuant to collective bargaining agreements between employers and the New York District Council of Carpenters, United Brotherhood of Carpenters and Joiners of America ("Union").

6. Upon information and belief, Defendant New York City District Council of Carpenters Welfare Fund is an employee benefits plan located at 395 Hudson Street, New York, NY 10014 that is a jointly administered, multi-employer benefits fund administered, established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and is maintained for the purposes of providing health, medical, welfare, and other benefits to eligible participants and beneficiaries on whose behalf it receives contributions from numerous employers pursuant to collective bargaining agreements between employers and the Union.

7. Upon information and belief, Defendant New York City District Council of Carpenters Vacation Fund is an employee benefits plan located at 395 Hudson Street, New York, NY 10014 that is a jointly administered, multi-employer benefits fund administered, established and maintained pursuant to Section 302(c)(5) of the LMRA, 29

U.S.C. § 186(c)(5), and is maintained for the purposes of providing vacation and other benefits to eligible participants and beneficiaries on whose behalf it receives contributions from numerous employers pursuant to collective bargaining agreements between employers and the Union.

8. Upon information and belief, Defendant New York City District Council of Carpenters Annuity Fund is an employee benefits plan located at 395 Hudson Street, New York, NY 10014 that is a jointly administered, multi-employer benefits fund administered, established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and is maintained for the purposes of providing retirement and other benefits to eligible participants and beneficiaries on whose behalf it receives contributions from numerous employers pursuant to collective bargaining agreements between employers and the Union.

9. Upon information and belief, Defendant New York City District Council of Carpenters Apprenticeship, Journeyman Retraining, Educational and Industry Fund is an employee benefits plan located at 395 Hudson Street, New York, NY 10014 that is a jointly administered, multi-employer benefits fund administered, established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and is maintained for the purposes of providing training and other benefits to eligible participants and beneficiaries on whose behalf it receives contributions from numerous employers pursuant to collective bargaining agreements between employers and the Union.

10. Upon information and belief, Defendant New York City District Council of Carpenters Charity Fund, is an employee benefits plan located at 395 Hudson Street, New York, NY 10014 that is a jointly administered, multi-employer benefits fund administered, established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and is maintained for the purposes of providing benefits to eligible participants and beneficiaries on whose behalf it receives contributions from numerous employers pursuant to collective bargaining agreements between employers and the Union.

11. Upon information and belief, Defendant United Brotherhood of Carpenters and Joiners of America Fund, is an employee benefits plan located at 395 Hudson Street, New York, New York 10014, that is a jointly administered, multi-employer benefits fund administered, established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and is maintained for the purposes of providing benefits to eligible participants and beneficiaries on whose behalf it receives contributions from numerous employers pursuant to collective bargaining agreements between employers and the Union.

12. Upon information and belief, Defendant New York City and Vicinity Carpenters Labor Management Cooperation Fund, is an employee benefits plan located at 395 Hudson Street, New York, New York 10014, that is a jointly administered, multi-employer benefits fund administered, established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and is maintained for the purposes of

providing benefits to eligible participants and beneficiaries on whose behalf it receives contributions from numerous employers pursuant to collective bargaining agreements between employers and the Union.

13. Upon information and belief, at all times relevant to this dispute, Defendant Kevin O'Callaghan was a trustee and fiduciary who administered the New York City District Council of Carpenters Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Vacation Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman Retraining, Educational and Industry Fund, New York City District Council of Carpenters Charity Fund, United Brotherhood of Carpenters and Joiners of America Fund, and New York City and Vicinity Carpenters Labor Management Cooperation Fund (collectively, "Benefit Funds").

14. Upon information and belief, at all times relevant to this dispute, Defendant Michael J. Forde was a trustee and fiduciary of the Benefit Funds and, at the time of the arbitration, was the Executive Secretary-Treasurer of the Union.

### Factual Background

15. This suit arises out of an alleged violation of various Agreements and Declarations of Trust for the Benefit Funds ("Agreements") that Metropolitan became party to by virtue of a collective bargaining agreement between Metropolitan and the United Brotherhood of Carpenters and Joiners of America ("International Union"). The

International Union is a labor organization representing employees for the purpose of collective bargaining in an industry affecting commerce within the meaning of the LMRA.

16. Metropolitan and the International Union entered into a collective bargaining agreement on August 30, 2002 ("CBA"). The CBA was in effect at all times relevant to this dispute. A true copy of the CBA is attached hereto as Exhibit A and incorporated herein.

17. Pursuant to the CBA, Metropolitan became a party to the Agreements. True copies of the Agreement and Declaration of Trust for the New York City District Council of Carpenters Welfare Fund and the New York City District Council of Carpenters Pension Fund are attached hereto as Exhibit B and incorporated herein.

18. A dispute arose between Metropolitan and the Benefit Funds regarding Metropolitan's obligation to make contributions on behalf of bargaining unit employees from the period March 13, 2005 through December 31, 2006.

19. Specifically, the Benefit Funds sought additional contributions to the Benefit Funds for employees that are not beneficiaries of those funds.

20. The Agreements contain no agreement to arbitrate disputes between the Benefit Funds and an employer.

21. Nonetheless, over Metropolitan's objections, this dispute was submitted to arbitrator Roger E. Maher.

22. An initial hearing was held on January 28, 2009, at which the Employer contested the jurisdiction of the Arbitrator to hear this dispute.

23. On April 14, 2009, the Arbitrator issued an expedited award stating that the Arbitrator had jurisdiction to preside over the dispute. A true copy of this award is attached hereto as Exhibit C and incorporated herein.

24. On April 17, 2009, the arbitration hearing was continued before the Arbitrator in New York City.

25. On May 23, 2009, the Arbitrator issued an Award stating that Metropolitan was delinquent in fringe benefit contributions for the subject audit period and awarding an aggregate amount of $422,189.15 to the Benefit Funds with interest at the rate of 5.25% from the date of the award. A true copy of this Award is attached hereto as Exhibit D and incorporated herein.

26. This Award would require Metropolitan to make payments to the Benefit Funds on behalf of employees that are not beneficiaries of the Benefit Funds.

### FIRST CLAIM FOR RELIEF
### (FEDERAL ARBITRATION ACT, 9 U.S.C. § 10)

27. Plaintiff restates the allegations contained in Paragraphs 1 through 22 as if fully set forth herein.

28. The Award issued by the Arbitrator is improper and must be vacated for the following reasons:

    a. There was no agreement to arbitrate this dispute before this Arbitrator.

b. The Arbitrator exceeded the scope of authority and jurisdiction vested upon him by consent of the parties.

c. The Arbitrator failed to fulfill his obligation to apply the Agreement and issue an award that drew its essence from the Agreement.

d. The Arbitrator dispensed his own brand of industrial justice.

e. The Arbitrator exceeded his authority by imposing new obligations on Metropolitan that are not required under the terms of the parties' Agreement.

f. The Arbitrator exceeded his authority by ignoring the plain and unambiguous language of the Agreement and by altering the Agreement by interpreting unambiguous language in a way contrary to its plain meaning.

g. The Arbitrator's Award is contradictory to the factual findings of the Arbitrator and contradicts the testimonial and documentary evidence presented at the hearing.

h. The Arbitrator's Award lacks fundamental rationality.

i. The Arbitrator's Award violates public policy.

WHEREFORE, Metropolitan prays:

a. That the decision of Arbitrator Maher be vacated and set aside;

b. That Metropolitan be afforded such other and further relief as may be appropriate, including the costs and disbursements associated with this action.

/

/

Dated: August 14, 2009.

Respectfully submitted,

/s/ Paolo Morante

Paolo Morante (No. PM1017)
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York 10020-1104
(212) 335-4813 (telephone)
(212) 884-8713 (facsimile)

*Attorneys for Plaintiff*
*Metropolitan Architectural Woodwork, LLC*